```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

|                        )
**LARRY EUGENE AMMONS,**  )
                         )
    **Plaintiff,**   )
                         )
**vs.**                   )     Civil No. 06-2578-Ma/P
                         )
**LARRY BELL, ET AL.,**   )
                         )
    **Defendants.**  )
                         )
                         )

_____

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL
_____

Before the court by order of reference is plaintiff Larry Eugene Ammons's Motion to Compel, filed December 26, 2007. (D.E. 69). Defendants filed their response in opposition on January 11, 2008. For the reasons below, the motion to compel is GRANTED in part and DENIED in part.

On August 23, 2006, plaintiff, a pretrial detainee at the West Tennessee Detention Facility in Mason, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 based on his previous confinement at the Dyer County Jail ("Jail"). In his complaint, Ammons alleged that on January 18, 2006, he was arrested and charged with aggravated burglary and theft over $1,000. When he was taken to the Jail, defendant Larry Bell gave orders that he was

not to have a telephone call until further notice. Although a state court judge granted bond on January 19, 2006, Ammons alleges that for six days defendant Bell did not allow him (Ammons) to make a telephone call to arrange bail, and that he was kept in custody until Bell was assured a parole hold had been placed on Ammons.

In his motion to compel, Ammons asks the court to order the defendants to produce documents responsive to Request for Production numbers 2 and 3, and to provide information responsive to Interrogatory number 8, which read as follows:

> **Request for Production No. 2:** Produce the Plaintiff's January 10, 2006 entire booking information and cell location, and the party he phoned.
>
> **Request for Production No. 3:** Provide any grievance procedure and for that your jail has available and give the names and dates of inmates that have used this procedure, and the response they received, and the staff or officer who responded to such grievance.
>
> **Interrogatory No. 8:** State the identity and location, of the last known mailing address or location of all employees working in the corrections dept. at the Dyer County Jail during the month of January 2006, and all other persons having knowledge of the facts and issues in this action.

Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The rule provides further that the scope of discovery is broader than evidence that will be admissible at trial. Material is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." Id.; see also United Oil Co. v.

Parts Associates, Inc., 227 F.R.D. 404, 410 (D. Md. 2005) ("[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes."). However, the court need not compel discovery of relevant material if it concludes that the request is "unreasonably cumulative or duplicative . . . [or] the burden or expense of the proposed discovery outweighs its likely benefit. . . ." Fed. R. Civ. P. 26(b)(2)(i), (iii).

Once an objection to the relevance of the information sought is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action. Allen v. Howmedica Leibinger, 190 F.R.D. 518, 522 (W.D. Tenn. 1999). If that party demonstrates relevancy, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules. United Oil, 227 F.R.D. at 411; MJS Janitorial v. Kimco Corp., No. 03-2102, 2004 WL 2905409, at *6 (W.D. Tenn. Apr. 19, 2004); see also Fed. R. Civ. P. 26(b)(2)(i), (iii).

With respect to Request for Production number 2, the court finds that the information sought is not relevant, as Ammons's arrest on January 18 (not January 10) and his treatment following his January 18 arrest are at issue in this litigation. Moreover, at Ammons's deposition on October 23, 2007, Ammons provided defense counsel with the same booking information that he apparently seeks in this document request, and these documents (showing the cell

location and the party he phoned) were attached as exhibits to his deposition.  Thus, Ammons's motion to compel a further response to this document request is denied.

Regarding Request for Production number 3, the defendants have already provided Ammons with the grievance procedure, and any additional information sought relating to the names of all inmates who have filed grievances, the responses they received, and the employees who responded to these grievances, is clearly overbroad and irrelevant.  Ammons's motion to compel a further response to this document request is denied.

Finally, although the court believes that Interrogatory number 8 is overbroad in its current form, the court finds that the interrogatory seeks relevant information to the extent the interrogatory is limited to the time period that Ammons was held at the Jail (January 18 through 25) and limited to correctional officers (as opposed to all Jail employees).  Thus, the defendants shall provide Ammons, within seven (7) days from the date of this order, with a list identifying the names, and if known, the *work* address and *work* telephone number, for all correctional officers who worked at the Jail between January 18 and 25, 2006.

Ammons's request for an award of sanctions is denied.

IT IS SO ORDERED.

s/ Tu M. Pham

TU M. PHAM

United States Magistrate Judge

February 14, 2008

Date